### BENNING *vs.* BARLOW *et al.*

[Blandford, J., being disqualified, did not preside in this case.]

It furnished no ground for an extraordinary motion for a new trial at a later term of court; that the case was tried near the close of a term, and counsel did not have time to perfect the motion for a new trial, where it appears that, after the trial, the court drew juries and did other things usual at the "heel" of a term; that the dissatisfied party could have made a motion, and taken an order to perfect it and file a brief of the evidence afterwards, but that this was neglected without any sufficient excuse therefor, and that nothing was done until the next term of court. Judgment affirmed.

October 13, 1885.

JACKSON, Chief Justice.

[The case of Benning, administratrix, vs. Barlow et al. was tried and resulted in a verdict for the defendant on May 3, 1884. No motion was made or order taken at that term, but on October 24 thereafter, a motion for a new trial was filed. The grounds were based on rulings which were made during the trial. The only extraordinary ground set out was that the court adjourned in twenty minutes after the verdict was rendered; that counsel had no opportunity to consult with the agent of plaintiff, who resided in another county, as to whether it would be advisable to carry the case further; and that immediately after adjournment, the presiding judge went to another county, and counsel could not, therefore, get any order as to making the motion.

(The judge certified that after the business of the court was over, he occupied some time in drawing juries, etc.; that it was his uniform practice to give notice of his intention to adjourn and ask if there was anything further to be presented to the court; and that he was satisfied that he did so then.)

On the call of the motion, it was dismissed, and the plaintiff excepted.]