## COBB *vs.* THE STATE OF GEORGIA.*

Where a defendant was convicted of receiving stolen goods, know-
ing them to be stolen, brought his case to this court, where the
judgment was affirmed, subsequently discovered new testimony
which was merely cumulative of that which had been delivered
on the trial, and at the second term of the superior court after
the trial, made a motion for a new trial on the ground of the
newly discovered evidence, and because the verdict was con-
trary to law and the evidence, alleging, as a ground for mak-
ing the extraordinary motion, that counsel who represented
him at the former trial had abandoned his case because of his
inability to pay fees, this being done without notice to him of
the counsel's intention so to do prior to the end of the term,
and that therefore he was forced to submit to the sentence im-
posed upon him, or bring the case to this court directly by bill
of exceptions, and that he took the latter alternative, assign-
ing error in certain charges of the court: this furnished no
ground for an extraordinary motion for a new trial, and the
motion was properly dismissed.

April 26, 1887.

New Trial. Attorney and Client. Before Judge WILLIS.
Chattahoochee Superior Court. September Term, 1886.

Reported in the decision.

C. J. THORNTON, by Jos. F. POU, for plaintiff in error.

J. H. WORRILL, solicitor-general, by W. A. LITTLE, for
the State.

HALL, Justice.

Cobb was convicted, at the October term, 1885, of Chat-
tahoochee superior court, of the offence of receiving stolen
goods, knowing them to be stolen, and was sentenced to the
penitentiary. He made no motion for new trial at that
term of the court. He now alleges that he did not do so
because the counsel who had represented him in the trial

*BLANDFORD, J., did not preside in this case, on account of indisposition.
v 78 51 .

in the court below had abandoned his case in consequence of his inability to pay him his fees.    He, however, after the adjournment of the term of court, brought a bill of exceptions to this court, alleging error in certain instructions of the court to the jury.    The judgment on this writ of error was affirmed at March term, 1886, of this court.    At the September term, 1886, of Chattahoochee superior court, the plaintiff in error made a motion for new trial upon extraordinary grounds, alleging that his counsel on the first trial in that court had abandoned his case because of his inability to pay him his fees; that he gave him no notice of his intention to do so prior to the adjournment of the court, and that for that reason, he was forced to submit to the sentence imposed upon him or bring the case directly to this court by bill of exceptions.    He also alleged in that motion for new trial that the verdict was contrary to the law and the evidence, and without evidence to support it, and claimed to have ascertained some newly discovered evidence, which he brings before this court.    That newly discovered evidence, it seems to us, was merely cumulative of the evidence given on the trial.    For when the case was here before, we held that, while knowledge was of the essence of the offence of receiving stolen goods, knowing them to be stolen, yet that knowledge need not necessarily be proved by direct testimony.    It might be shown by circumstances, such as the defendant's conduct and behavior, the character of the person from whom he received the goods, the kind of goods, and the hour when received.

When this extraordinary motion was called for hearing, the solicitor-general moved to dismiss it, and that motion was sustained by the court.

We think the court did not err in dismissing the motion for a new trial.    Such a case as this, where there was a mere failure of defendant and his counsel to look after it, and to take advantage of the circumstances as they arise, and to see that the motion for new trial is made in time, does not come within section 3721 of the code, prescribing

the conditions on which a new trial may be granted upon extraordinary grounds. One of the conditions upon which such motions are to be entertained is vigilance in discovering, and prompt action after the grounds of the motion have been discovered, in bringing them to the notice of the court. Here the application seems to have been delayed for two terms of the court after the grounds upon which the motion was made were known to the defendant.

We think that no reason existed in this case for the interposition of the court, on the grounds of an extraordinary motion, and therefore order the judgment of the court below affirmed.