HUDGINS *v.* VEAL *et al.*, administrators.

A motion for a new trial on extraordinary grounds is in time if filed at the next term after that at which the verdict complained of was rendered; and may be made before the judge of the court in which such trial was had, although he did not preside at the original hearing.

February 7, 1896.

Motion for new trial. Before Judge Clark. DeKalb superior court. February term, 1895.

On August 27, 1894, a case was tried in DeKalb superior court before Judge J. M. Griggs, presiding. There was a verdict for the defendants. On February 27, 1895, during a regular term, a motion for new trial, made by plaintiff, was filed, and rule *nisi* issued thereon signed by Judge Clark of the Stone Mountain circuit, in which said county is situated. An order was passed at said term, setting the motion for a hearing in vacation, and giving the plaintiff until then to file. his brief of evidence. The motion came on for hearing at the time set, and a motion to dismiss the same was granted, because no motion for a new trial was made during the term when the case was filed and no extraordinary motion by and before the next term of the court, either of which should have been made to the judge who tried the case. Plaintiff excepted.

*John A. Wimpy*, for plaintiff.

ATKINSON, Justice.

The facts are stated in the official report.

The power of *nisi prius* courts to grant new trials upon extraordinary grounds, although required to be exercised with great caution and reserve, was recognized by the common law (Tidd's Practice, 3d Am. ed. 912, *913; 2 Stra. 845, 995; 1 East, 146); and a similar power was recognized by the code of this State, §3719. The same section of the code requires that, in ordinary cases of motions for new trials, the motion should be made during the term at which the case was determined, and leaves within the discretion of the trial court the power to grant motions upon extraordinary grounds after the termination of the term at which the cause was tried. In the present case, the plaintiff's motion for a new trial arose upon the extraordinary ground of newly discovered evidence, and was made at the term of the court next succeeding the discovery of such evidence. Upon principles of justice, the movant having shown full diligence, he was entitled.to be heard upon the sufficiency

of his motion, and it was no ground for the dismissal of this motion that it was presented to a judge other than the one who tried the case. The power to grant new trials is vested in the superior court, and when the motion was made and submitted to the superior court, it was no ground for the dismissal of it that the judge who presided upon the trial was not the judge before whom the motion for a new trial came on to be heard. This court has frequently recognized the jurisdiction of trial courts to grant new trials upon extraordinary grounds after the termination of the term at which the verdict excepted to was found; notably a recent case (*Hays, administrator,* v. *Westbrook, 96 Ga.* 219) in which a motion for a new trial was upheld when granted on extraordinary grounds, even after the affirmance in this court of the judgment overruling the motion for a new trial made in the first instance. The facts did not appear in the printed report of that case, but were in the record, and are stated here to show that the power has been previously recognized by this court, admitting even that there was a valid reason for calling in question the existence of the power. We conclude, therefore, that the judgment of the trial judge dismissing the motion for a new trial was erroneous, and it is accordingly            *Reversed.*