CASTELLAW *v.* BLANCHARD; administrator, *et al.*

1. When rulings made during a term of court which continues longer than thirty days are complained of, and no exceptions pendente lite are filed during the term, the final bill of exceptions must be certified within sixty days from the date of the decision complained of, and not later than thirty days from the adjournment of the court.
2. Where error is assigned upon a ruling of the judge requiring the movant in a motion for a new trial to eliminate certain portions of the evidence contained in the brief of evidence, it must, in order to render such assignment good, be made clearly to appear that the evidence required to be eliminated was material to a proper determination of some ground of the motion for a new trial.
3. The word "trial," as used in Civil Code, § 5484, which prescribes the time in which motions for new trials shall be filed, is used in its restricted sense, meaning an examination of the matter of fact in issue, and hence such trial ends with the verdict in the case.
4. Where the affidavit filed for the purpose of relieving the plaintiff in error and his counsel from the payment of costs in this court appears to have been executed before an official of another State, and there is no authentication of the official character of such officer, the affidavit will be disregarded, and the plaintiff in error will be required to pay the costs in this court as a condition precedent to a decision of the case.

Argued October 21, — Decided November 26, 1898.

Practice — motion for new trial. Before Judge Butt. Muscogee superior court. May term, 1898.

7

*G. E. Thomas Jr.* and *Blandford & Grimes*, for plaintiff in error. *J. H. Worrill, L. F. Garrard, Reese Crawford, McNeill & Levy* and *C. J. Thornton*, contra.

COBB, J.    At the May term, 1898, of the superior court of Muscogee county, the case of Blanchard, administrator of F. M. Castellaw, against C. B. Rouse and others, was heard and determined.    On May 11, counsel for C. B. Rouse demurred orally to certain parts of the answer and cross-petition of B. T. Castellaw.    The court sustained the demurrer.    Certain issues of fact were then submitted to a jury, and on May 12 a verdict was returned finding the issues submitted against the contention of B. T. Castellaw.    Counsel for the administrator of F. M. Castellaw having filed an amended petition setting forth his account with the estate and asking therein for extra compensation for himself as administrator, it was agreed that this application should be heard and determined by the court without a jury, at such time during the term as the court should appoint.    On May 19, B. T. Castellaw filed exceptions to the final decree which was proposed to be taken upon the verdict above referred to, and also objections to the claim for extra compensation.    The hearing of these exceptions and objections was postponed until June 16, when the court, after hearing the evidence on the application for extra compensation, refused to allow the same, but did allow the administrator one hundred dollars as attorney's fees.    A final decree in the case was entered on the same day.    On that day the defendant B. T. Castellaw made a motion for a new trial, and the hearing of this motion was continued from time to time until the 19th day of August.    The brief of evidence presented at the hearing of the motion for a new trial contained, not only the evidence introduced upon the trial before the jury, but also that introduced before the judge upon the application for extra compensation. Counsel for Rouse objected to the court's approving the brief of evidence thus presented, and the objection was sustained, the court requiring that the two briefs should be separated and the one containing the evidence adduced on the trial before the jury should be filed as the brief of evidence with the motion for a new trial.    After the motion for a new trial had been

amended and the grounds verified by the judge and the brief of evidence filed and approved, counsel for C. B. Rouse moved to dismiss the motion, upon the ground that the same was not "filed within thirty days from the trial." It appears that the term at which the case was disposed of continued longer than thirty days, and finally adjourned on June 27, 1898. The court sustained the motion. No exceptions pendente lite were filed to any of the rulings above referred to. On August 20, a final bill of exceptions was certified by the presiding judge, in which are the following assignments of error: (1) The court erred in the ruling made on May 11, in sustaining the demurrer of C. B. Rouse; (2) the court erred in not ruling specifically on the exceptions filed by B. T. Castellaw to the proposed final decree when the matter of ·extra compensation was decided on June 16; (3) the court erred in sustaining the objections to the brief of evidence and requiring counsel for B. T. Castellaw to separate that portion of the brief of testimony submitted to the court on May 19 and June 16 from the brief of testimony submitted to the jury on May 12; (4) the court erred in sustaining the motion to dismiss the motion for a new trial on August 19.

1. The assignment of error on the decision sustaining the demurrer of C. B. Rouse can not be considered, as the bill of exceptions complaining of this ruling was not tendered or certified either within sixty days from the decision complained of or within thirty days of the adjournment of the term at which the decision was rendered. This is also true of the two assignments of error relating to the exceptions filed to the proposed final decree. Civil Code, § 5539.

2. It not being made to appear that that part of the brief of evidence which contained the testimony introduced before the judge on the question of allowing the administrator extra compensation was, in any way, material to a proper determination of the motion for a new trial, there was no error in requiring counsel for movant to eliminate such testimony from the brief before the same was approved by the court.

3. Was the court right in dismissing the motion for a new trial because not filed in due time? An answer to this ques-

tion requires us to determine what is meant by the word *trial*, as used in Civil Code, § 5484, which declares that, "All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had; and when the term continues longer than thirty days, the application shall be filed within thirty days from the trial, together with a brief of evidence, subject to the approval of the judge and subject to the right of amendment allowed in applications for a new trial; but all applications herein provided for may be heard, determined, and returned in vacation." Is the word *trial* there used in its broad and comprehensive sense — "the investigation and decision of a matter in issue between parties before a competent tribunal; including all the steps taken in the case from submission to the jury to the rendition of judgment," or is the word there used in its restricted sense — "the investigation of the matter of fact in issue"? Anderson's Law D. (trial). In our opinion the word as used in that section is to be given only its restricted meaning, that is, the sense in which it is used by Sir William Blackstone when he says: "Trial then is the examination of the matter of fact in issue; of which there are many different species, according to the difference of the subject, or thing to be tried." 3 Black. Com. 33. This was evidently understood by this court to be the meaning of the word when the case of *King* v. *Sears*, 91 *Ga.* 577, was decided. While there is no direct ruling on the point in that case, in determining whether the motion for a new trial had been filed in due time the number of days was computed from the date of the verdict, and it does not appear in the statement of facts that any judgment had ever been rendered. When it is kept in mind that the section under consideration is dealing solely with the subject of motions for new trials, and that that is the peculiar and appropriate remedy to be resorted to when the losing party desires to have the facts of the case re-examined, it seems to be clear that the word *trial* is used in the restricted sense above referred to. A new trial has been defined to be a "re-examination of an issue of fact in the same court, after a trial and decision by a jury, court, or referee." And. Law D. (Trial, subhead New Trial). See also 3 Black. Com. 387; Steph. Plead.

94–96. The motion for a new trial not having been filed within thirty days from the date of the verdict, the court did not err in dismissing the same on motion..

4. When the case was called in this court, the clerk, as was his duty under the rules, called the attention of the court to the fact that the pauper affidavit filed for the purpose of relieving the plaintiff in error from the payment of costs was signed in the State of South Carolina before a person describing himself as the Clerk of the Common Pleas Court of Edgefield County, South Carolina, and that there was no authentication of his official character. That such an affidavit could not be received seems to be well settled by the decisions of this court. In *Behn* v. *Young*, 21 *Ga.* 207, it was held that "an affidavit, administered in Florida, to a bill for an injunction, will not be noticed here without authentication." McDonald, J., in the opinion says: "The official character of the person administering the oath is not authenticated. It can not be recognized here without." In *Charles* v. *Foster*, 56 *Ga.* 612, it was held that a "claim affidavit and bond, purporting to be executed in another State before a notary public thereof, can not be received by a levying officer in this State without due authentication." Judge Bleckley in the opinion says: "Under the act of Congress, even the judicial proceedings of the court itself could not be authenticated thereby, without a further certificate from the judge, chief justice, or presiding magistrate, that the clerk's attestation was in due form. If the letter of the act of Congress does not apply to the case before us, its spirit does, as there is certainly no reason for holding the clerk competent, by his mere certificate and seal, to impart authenticity to the act of the notary, when, by like means, he could not impart authenticity to the proceedings of the very court which he serves as clerk." See also *McAllister* v. *Singer Mfg. Co.*, 64 *Ga.* 622. The official character of the person attesting the affidavit in the present case not having been properly authenticated, the affidavit can not be received.

It was contended, however, that after the record reached this court a proper affidavit had been filed in the office of the clerk of this court, and that accompanying the same was a good and

sufficient reason why the original affidavit was not properly verified. The reason given was that the plaintiff in error was called from his home in this State to South Carolina by the illness of his wife, and that he executed the second affidavit which is now on file here as soon as he returned home from South Carolina. While the illness of his wife is such providential cause as to have justified him in leaving the State to attend her, we do not see how this prevented him, while in South Carolina, from having the affidavit administered in that State duly authenticated. Even if in any case an affidavit which is filed in the office of the clerk below after the record reaches this court could be considered, we do not think there is anything in the present case which requires that it should be done.

Counsel for plaintiff in error was by express permission of the court allowed to argue the case subject to its decision on the sufficiency of the pauper affidavit to relieve him from the payment of costs. He was notified that the affidavit would be held to be insufficient, and the costs have been paid.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*