WATTS *v.* WHITE HICKORY WAGON COMPANY.

LITTLE, J. There was no error in overruling a so-called "extraordinary" motion for a new trial, filed after the expiration of the term at which the verdict complained of was rendered, when it appears that the same was based on grounds of which the movant might have taken advantage before the close of the term, and upon alleged newly discovered evidence which might, by the exercise of proper diligence, have been obtained and used at the trial. *Judgment affirmed. All the Justices concurring.*

Argued June 16,— Decided July 27, 1899.

Attachment. Before Judge Fite. Gordon superior court. August term, 1898.

*W. P. M. Watts,* for plaintiff in error.

---

LOCKLEAR *v.* HARRIS *et al.* and *vice versa.*

SIMMONS, C. J. Inasmuch as section 4086 of the Civil Code confers upon justices of the peace power and authority, where "there is manifest injury or delay to the business of the justices' courts," to appoint one or more additional constables and to discharge them in their discretion, and requires the constables so appointed to give the same bond as regular constables, if such additional constables are appointed to serve for a period longer than ten days, the courts will not, upon the application of a regularly elected constable for leave to file an information in the nature of a writ of quo warranto, interfere with the discretion of a justice of the peace in appointing a special constable under this section. The appointment being a matter within the discretion of the justice of the peace, an issue of fact can not be raised by an allegation in the petition that there was no necessity for the appointment.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring, except Little, J., who dissented.*

Argued June 16,—Decided July 27, 1899.

Petition for quo warranto. Before Judge Henry. Floyd county. March 28, 1899.

*Wright & Ewing,* for plaintiff. *M. B. Eubanks, J. B. F. Lumpkin,* and *G. A. H. Harris & Son,* for defendants.