851.  DIXON *v.* MUTUAL LIFE INDUSTRIAL ASSOCIATION.

1. "In case of a motion for a new trial made after the adjournment of the court, some *good* reason must be shown why the motion was not made during the term." Civil Code, § 5487. The grounds of such a motion need not be extraordinary, but the reason assigned for not filing the motion during the term—whether the motion itself be meritorious or not—must be adjudged to be good by the court to which the motion is presented. The latitude allowed a trial judge in the exercise of his discretion, in determining the validity of the reasons why the motion was not sooner presented, is necessarily great, and will not be controlled unless manifestly abused.

·2. That counsel was taken sick and that a brother attorney, who had been requested by the sick counsel to file for him, as a matter of accommodation, a motion for new trial before the adjournment of the court, overlooked or forgot to do so, or failed to file the motion because he acted upon information which was incorrect, is not such good reason for failure to file a motion for new trial before the adjournment of court as requires a trial judge to consider a motion filed at the third term of the court after the rendition of the judgment of which complaint is made.

.3. Motions for new trial made after the adjournment of court are· not favored, and should not be entertained except upon a strong showing of good reason why the motion was not sooner filed.

Action upon insurance policy, from city court of Dublin—Judge Burch.  October 23, 1907.

Submitted January 22,—Decided January 29, 1908.

*Ira S. Chappll,* for plaintiff.  *Peyton L. Wade,* for defendant.

RUSSELL, J.  Mrs. M. E. Dixon filed suit against the Mutual Life Industrial Association of Georgia, to recover $1,000 alleged to be due her on a policy of insurance issued by the defendant ·on the life of her mother, Mrs. Winifred H. Mayo, Mrs. Dixon being the beneficiary named in the policy. At the December ·quarterly term, 1906, of the city court of Dublin, a verdict in

favor of the defendant was returned. The court adjourned with-
out any motion for new trial being filed, or without any intimation
being conveyed to the presiding judge that the plaintiff desired
or intended to move for a new trial. Afterwards, on June 7,
1907, Mrs. Dixon presented a petition for certiorari to the judge
of the superior court, and the same was sanctioned. Upon the
hearing of the certiorari, at the July term, 1907, of Laurens su-
perior court, upon motion of the defendant's counsel the cer-
tiorari was dismissed upon the ground that there was no bond
in the case, accepted and approved by the judge who tried the
case, and no legal bond to authorize the issuance of the writ.
The order dismissing the certiorari was signed July 27, 1907.
The plaintiff did not except to the judgment of dismissal entered
by the court. During September term, 1907, of the city court
of Dublin the plaintiff filed an extraordinary motion for new
trial, upon which the judge issued a rule nisi setting the hearing on
the motion for October 23, 1907. Upon the hearing, on motion of
the defendant's counsel the judge of the city court dismissed the ex-
traordinary motion, "for the reason that no sufficient diligence in
filing said motion has been shown or exercised, two terms of the
city court of Dublin having intervened between the time when the
case was tried and the time when the motion was filed." The dis-
missal of the extraordinary motion is the error assigned in the
bill of exceptions.

It devolves upon the party who assigns error to show that error
has been committed. After a careful examination and considera-
tion of the present case it does not appear to this court that
the judgment of which complaint is made is erroneous. We
can consider but one question; only one is presented for our
consideration,—whether the trial judge abused his discretion, un-
der the particular facts and circumstances presented by the rec-
ord, in dismissing the plaintiff's motion, for reasons stated. Con-
sidering the grounds of the motion, the brief of the evidence, and
the charge of the court, we think that we should have sustained
the judgment of the lower court if the extraordinary motion had
been overruled, but a decision upon that subject is unnecessary,
because the court dismissed the motion without passing upon its
intrinsic merits. The Civil Code, §5484, provides that all appli-
cations for new trials, except in extraordinary cases, must be

made during the term at which trial is had. The motion for new trial in this case was properly dismissed, unless authority for considering it upon its merits is conferred by §5487 of the Civil Code; because the motion is not based upon extraordinary grounds. The assignments of error are directed entirely to matters which could properly have been considered on the hearing of an ordinary motion. Section 5487 gives authority to consider a motion for new trial made after adjournment of court. The question arises whether the reasons given in this case for not filing a motion during the term of the court are such as will bring this motion within the terms of that section. "In case of a motion for a new trial made after the adjournment of the court, some good reason must be shown why the motion was not made during the term, which shall be judged of by the court." The grounds of such motions need not be extraordinary, but the reasons which prevent the filing of the motion, whether the motion itself be meritorious or not, must be adjudged to be good by the court to which the motion is presented. This lodges in the lower court a discretion which should not be controlled, unless manifestly abused. And from the very nature of the case the latitude allowed to the trial judge should be even greater than the exercise of discretion upon his part ordinarily.

We come, then, to consider the reasons shown why the motion was not made during the term. This properly leaves out of consideration the fact that the plaintiff's counsel waited more than six months, and until the third term of court succeeding that at which the case was tried, before filing the motion for a new trial, and confines us to the limitations fixed for the judge of the lower court,—to the reason "why the motion was not made during the term." If no good reason is shown why the motion was not made during the term, it would be immaterial how soon or how long it might be after adjournment of the court. It is the reason why the litigant did not file his motion during the term,—a reason preventing him up to that time,—which is to be considered, and not something that may have happened afterwards, which entitles him to come within the exception provided by §5487 of the Civil Code. The reason referred to in the code is not one that creates a right, but one which prevents the losing of a right, which otherwise would ensue upon

the adjournment of court.  When the court adjourns, the time for filing motions is over; the opportunity for asking for review is gone, unless some good reason, which is already in existence at the time that the court is closed, has prevented one who intended to ask a new trial from carrying out his purpose.  The reason given by the movant in this case in explanation of the fact that she did not file her motion for new trial before the adjournment of court, and which is urged as a sufficient showing to entitle her motion to consideration, is that her counsel was taken sick and by such sickness prevented from filing a motion for new trial, as he intended in case the verdict of the jury was adverse to the contention of his client.  If counsel had been so seriously sick as to be physically and mentally unable to apprehend the condition of affairs, we might hold that the judge erred in dismissing the motion; but it appears that the counsel for the plaintiff in error did not know whether the opposite party or his client had prevailed in the cause; nor does it appear that he made any inquiry, after the time for the reassembling of court, as to what was the result.  While confined to bed, counsel was not so sick as to be unable to give direction as to matters of business.  He was connected by telephone with the court-house, where the court was in session; he lived in the same town; he could have ascertained the conclusion reached by the jury, or he could have anticipated it, as he did.  He could have summoned some friend in his profession (and we have no hesitancy in assuming that perhaps any member of the bar would have responded), and could have requested him to file a formal motion for new trial in his behalf, and obtained an order continuing the hearing and preserving all of the rights of his client.  And this he did, for it appears, uncontradicted, in the record, that he secured a promise from Col. Sturgis to file such a motion for new trial in his stead.  The plaintiff's counsel could have communicated with the court; and if the judge had been informed that the plaintiff desired to make a motion for new trial, and that counsel was ill, the court might have taken a recess to some future date, instead of adjourning for the term.  Counsel might have notified his client; or, if she had gone home, her husband, who was present, might have made satisfactory arrangements for the continuance of the services of Judge Adams, who had been specially employed dur-

ing the trial and who, for that reason, was familiar with the case. Or some other member of the bar might have been employed to file a skeleton motion and call the attention of the court to the sickness of the sole counsel for the plaintiff. No reason is given why the plaintiff went home, except that it was her wish to do so. In the absence of any proved necessity for her going home, it seems to us that she should have remained in such proximity to the court and to her counsel as to be in readiness to advise with him as to any dénouement in the case. Certainly nothing would have been more natural than that her husband, who was present and had been acting as her agent, and knew she was absent, and saw that counsel was also absent from the court, would have ascertained the reason of his absence and been prepared to deal with the situation created by counsel's absence. Counsel for the plaintiff in error contends that he was diligent because he sent for Mr. Sturgis and got his promise to file his motion for his accommodation. If we grant this, still, Mr. Sturgis, according to his own testimony, neglected it; and as his negligence is the negligence of his principal, Mr. Chappell, the prior diligence is cancelled by his later negligence. The fact that Mr. Sturgis was satisfied with the information which he obtained from a bystander as to the result of the case, instead of obtaining more definite information, must be charged to the counsel for plaintiff in error; because before he can, in strictness, claim to be diligent in procuring another to act for him, he must show that he selected one who was not merely a volunteer and who, no matter how competent, was not legally bound to do anything; it was his duty, for a consideration, to employ counsel to file a motion in his stead in behalf of his client. In our judgment it would have to appear that he did this, before it could be said that due diligence had been exercised on his part.

On the part of the plaintiff in error and her agent, no diligence whatever was shown. While we doubt not that the counsel was sick and that the client had gone home, and that Judge Adams' employment had ceased, and that Mr. Sturgis was in the jury-room, talking to his own client, and on his return was erroneously informed by the bystander, it would never do to hold that any of these circumstances, or all of them, constitute such a showing of good reason why the motion was not made before the adjourn-

ment of court that the refusal to entertain a motion for new
trial, made after adjournment of court, on the part of the judge
to whom these reasons are primarily addressed, is an abuse of
his discretion. That a reason for not filing such a motion before
the adjournment of court, for which the movant is in no wise re-
sponsible, is not necessarily good reason for considering a motion
made after the adjournment of the court, is well settled. In
*East Tenn. Railroad* v. *Whitlock,* 75 *Ga.* 78, it was held that ab-
sence of the judge himself, which prevented counsel from filing
the motion, was no ground for an extraordinary motion. In *Ben-
ning* v. *Barlow,* 75 *Ga.* 870, it appears that the court adjourned
in twenty minutes after the · verdict was rendered, and counsel
had no opportunity to consult with the agent of the plaintiff,
who resided in another county, as to whether it would be advisa-
ble to carry the case further. Immediately after adjournment the
presiding judge went to another county. In the *Benning* case,
as in the case now under consideration, the grounds of the motion
were based on rulings made during the trial. The Supreme
Court, however, held that "it furnished no ground for an extra-
ordinary motion for a new trial, at a later term of court, that
the case was tried near the close of a term, and counsel did not
have time to perfect a motion for a new trial." In the decision
it 'was said that "the dissatisfied party could have made a motion,
and taken an order to perfect it and file a brief of the evidence
afterwards, but this was neglected without any sufficient excuse
therefor, and nothing was done until the next term of court." In
the *Whitlock* case, supra, it was held that though the counsel for
the plaintiff in error was active and vigilant, and it was through
no neglect or fault of theirs that the term of court was lost,
still, as there was no allegation of fraud or surprise or providen-
tial cause or interference, the motion should have been dis-
missed, and that the trial judge erred in passing upon the motion,
instead of dismissing it. The court held that the motion for
new trial in extraordinary cases, provided for in §§3719, 3721 of
the Civil Code, was intended in a great degree to take the place
of a bill in equity for a new trial. 3 Graham & Waterman on
New Trials, §1454 et seq. In *Fambles* v. *State,* 97 *Ga.* 625
(25 S. E. 365), it was held that even the abandonment of the
case by counsel is not sufficient ground to authorize the consid-

eration of an extraordinary motion for a new trial. In view of this decision, even if it be argued that plaintiff in error should not suffer by reason of any omission on the part of her counsel, certainly Mrs. Dixon was not in any worse condition by reason of the sickness of her counsel than she would have been had he abandoned her in her absence; and yet, under the decision last cited, the trial judge would have been fully authorized to disregard the motion. The truth is that motions for a new trial, made after adjournment of court, are not favored and should not be entertained except upon a strong showing of good reasons why the motion was not sooner filed. As was said in *New England Mortgage Security Co.* v. *Collins,* 115 *Ga.* 104 (3), (41 S. E. 271) : "A motion for a new trial filed after the time prescribed by law can not be sustained as one based on sufficient extraordinary grounds merely because, on account of the absence of the judge, his approval of the motion could not be obtained before the filing took place."

We do not think the discretion of the trial judge was abused, for the single reason assigned in his order; and we have therefore confined ourselves to the discussion of that proposition alone. Upon that point our decision is practically controlled by the decisions in *Cobb* v. *State,* 78 *Ga.* 802, 803 (3 S. E. 628), and *Hudgins* v. *Veal,* 98 *Ga.* 137 (26 S. E. 479). In the *Cobb* case Judge Hall, delivering the opinion of the court, says; "When this extraordinary motion [for a new trial] was called for hearing, the solicitor-general moved to dismiss it, and that motion was sustained by the court. We think the court did not err in dismissing the motion for a new trial. Such a case as this, where there was a mere failure of defendant and his counsel to look after it, and to take advantage of the circumstances as they arose, and to see that the motion for new trial was made in time, does not come within section 3721 of the code [of 1882], prescribing the conditions on which a new trial may be granted upon extraordinary grounds. One of the conditions upon which such motions are to be entertained is vigilance in discovering, and prompt action, after the grounds of the motion have been discovered, in bringing them to the notice of the court. Here the application seems to have been delayed for two terms of the court after the grounds upon which the motion was made were known to the

defendant." And in the *Hudgins* case, supra, Judge Atkinson, delivering the opinion of the court, says: "A motion for a new trial on extraordinary grounds is in time if filed at the next term after that at which the verdict complained of is rendered." But the judgment of the trial judge was right and could have been sustained for a different reason from that assigned by him, because all of the grounds for an extraordinary motion existed and the facts were known to the plaintiff and her leading counsel before the adjournment of the court. "An extraordinary motion for new trial at a subsequent term of court would not lie for matters which were known to the defendant, and which, if true, should have been set up as matter of defense to the action." *Cauthen* v. *Barnesville Bank,* 68 *Ga.* 287. See also *Watts* v. *Wagon Co.,* 108 *Ga.* 809 (34 S. E. 147).

We have not considered the certiorari, nor the merits of the motion for a new trial, because, in our opinion, neither can have any bearing on the consideration of the question whether any cause which prevented the filing of such a motion before the adjournment of the court presented a good reason for allowing the filing of the motion at a subsequent term. In our opinion the causa causans of the failure to file the motion in time was the fact that the counsel selected by Mr. Chappell to represent him failed to file the motion merely because some person, unknown to him, stated that the verdict was for the plaintiff, and he was satisfied to take this statement as the truth, though he had nearly three hours afterwards in which to inform himself more accurately. Whether this was negligence or oversight, in neither event is it such a "good reason" as is contemplated by the Civil Code, § 5487.

The certiorari was properly dismissed, under the rulings in *Stover* v. *Doyle,* 114 *Ga.* 85 (39 S. E. 939), and *Dykes* v. *Twiggs County,* 115 *Ga.* 701 (42 S. E. 36) ; and it is not necessary for us to decide at this time whether plaintiff in error could have proceeded both by certiorari and motion for a new trial to review the same judgment. Certain it is that the reason why the motion for new trial was not filed before the adjournment of the court is not sufficiently strong to require a holding that the judge erred in refusing to consider the merits of the motion.

*Judgment affirmed.*