*R. D. Smith,* for plaintiff. *J. S. Ridgdill,* for defendant.

---

### 10450. DONALSON *v.* THE STATE.

BROYLES, P. J. 1. The statute prohibiting anyone from carrying, outside of his own home or place of business, a pistol, without first obtaining a license from the ordinary of the county in which he resides (Acts 1910, p. 134, Park's Penal Code, § 348 (a), 348 (b) ), when properly construed as a whole, means that where one gives the required bond and secures a license to carry a pistol, he is authorized thereby to carry only the identical pistol for which the license is issued. While this is true, and while the act requires the ordinary granting the license to keep a record of the name of the person taking out the license, the name of the maker of the pistol to be carried, and the caliber and number of the pistol, the act does not require that these facts (except, of course, the name of the person to whom the license is issued) shall appear in the license itself or in any certificate from the ordinary that he has issued such a license.

2. Where upon the trial of one charged with carrying a pistol, outside of his own home or place of business, the defendant tendered in evidence a license from the ordinary of his home county authorizing the de-

fendant to carry a 38-caliber S. & W. pistol, and also offered in evidence a certificate from the ordinary that he had issued this license; and the evidence showed that the ̣istol which the defendant was charged with carrying was a 38-caliber pistol of Smith & Wesson make, it was error for the court to exclude the license and the ordinary's certificate. This documentary evidence, while not presenting a complete defense, in that it failed to show the number of the pistol which the defendant was licensed to carry, and therefore did not affirmatively establish that he was authorized under the license to carry the identical pistol which he was charged with carrying, was nevertheless admissible as a link in his chain of defense. Under such circumstances he would have the right, if he could do so, to prove by parol testimony, or by his statement (provided the jury saw fit to believe it), that the pistol he was charged with carrying was the same pistol referred to in the license.

3. The error in excluding the documentary evidence referred to above requires a new trial of the case.

    *Judgment reversed. Bloodworth and Stephens, JJ., concur.*
      DECIDED JULY 16, 1919.

  Accusation of carrying pistol; from city court of Miller county— Judge Geer. March 22, 1919.

  *P. D. Rich,* for plaintiff in error.

  *N. L. Stapleton, solicitor,* contra.