MILES *et al. v.* JOHNSON *et al.*

No. 13999. FEBRUARY 13, 1942.

*M. E. Wood, W. Glenn Thomas,* and *Joe Thomas,* for plaintiffs in error.

*Highsmith & Highsmith,* contra.

REID, Chief Justice. The present writ of error involves a re-

fusal of the trial judge to entertain an "extraordinary motion for new trial," filed by the plaintiffs in error in a case wherein they were defendants and James Arlon Johnson et al. were plaintiffs. The grounds set out in the motion as to why a new trial should be granted are not themselves extraordinary. They are grounds which might have been made in an ordinary motion timely filed, and not such as have subsequently arisen. Compare *Cox* v. *Hill-yer,* 65 *Ga.* 57; *Harris* v. *Roan,* 119 *Ga.* 379 (46 S. E. 433); *Wheeler* v. *State,* 149 *Ga.* 473 (100 S. E. 568); *Coggeshall* v. *Park,* 162 *Ga.* 78 (132 S. E. 632); *King* v. *State,* 174 *Ga.* 432 (163 S. E. 168). The motion is "extraordinary" only in the sense that it comes after the expiration of the normal time allotted for the filing of an ordinary motion for new trial. Our Code, § 70-303, provides, in this connection, that "In case of a motion for new trial made after the adjournment of the court, some good reason must be shown why the motion was not made during the term, which shall be judged of by the court." Hence the question is whether the plaintiffs in error have clearly established "some good reason . . why the motion was not made during the term," entitling them, as a matter of law, to present the belated motion.

The verdict in the present case was in the form of answers to questions submitted to the jury by the judge. See Code, § 37-1104. A decree was not rendered until January 29, 1941. Thereupon counsel then representing the plaintiffs in error, their original counsel having become incapacitated by illness, filed a motion for new trial, which was dismissed on the ground that it was not filed within thirty days from the rendition of the verdict. See *Castellaw* v. *Blanchard,* 106 *Ga.* 97 (3) (31 S. E. 801). It does not appear that counsel then made the point that the motion should be considered because of the facts now relied on as showing good cause why the motion was not filed in time; but they existed, and were known to him, and he accordingly could have done so. As a general rule, a judgment is conclusive, not only as to the matters put in issue, but also as to those which under the rules of law might have been put in issue. Code, § 110-501; *Manry* v. *Stephens,* 190 *Ga.* 305 (9 S. E. 2d, 58). It would therefore seem that the plaintiffs in error are now precluded from contending that there was good cause why a motion for new trial could not have been filed in time. We need not, however, pursue this inquiry; for, aside from

this, it does not appear to us that the evidence, as a matter of law, demanded a finding of sufficient reason why the belated motion should be entertained.

The substance of the contention by the plaintiffs in error is that before the expiration of the time for filing a motion for new trial their counsel became physically and mentally ill to such an extent that he was no longer capable of understanding and dealing with the case, and that as a result of his impaired condition he did not take the expedient and advisable step of filing a motion for new trial, as he would otherwise have done, and as they had specifically directed him to do. They produced at the hearing an affidavit of the wife of counsel who originally represented them, to the effect that her husband "was stricken suddenly and violently ill on the 24th day of November, 1940," and has been totally incapacitated since that time. But this was thirty-two days after the return of the verdict, and accordingly after the expiration of the time for the filing of a motion for new trial. Counsel for the plaintiffs in error recognize this, but argue that since former counsel became totally incapacitated physically and mentally on November 24, 1940, he could not have been rational and able to intelligently deal with the case for some time previously. This seems to us pure supposition. It appears that after the return of the verdict on October 24, 1940, he prepared a decree which he contended should be entered under the answers of the jury to the questions submitted to them (a position which present counsel thereafter took and still maintain), which decree he submitted to the trial judge. Counsel for the plaintiffs also submitted a decree; and on November 19, 1940, the date set by the judge for a hearing as to which decree should be entered, he appeared and argued the matter; and there is no indication in the evidence that at this time he appeared in any wise impaired and incapable of dealing sensibly with the case. The mere fact that he did not file a motion does not so indicate. His failure so to do may have been the result of his deliberate judgment, made while in full possession of all his faculties, that such was not the wisest and best course to pursue in the interest of his clients. The suit was for recovery of real property. While the jury, by their answers to the questions submitted, found against the defendants on the question of title, they also found that the defendants had paid taxes and made improvements in the approxi-

mate amount of $700. Counsel may well have concluded that a decree such as he contended was proper under these findings, establishing a lien against the property in favor of the defendants for taxes and improvements, would be more satisfactory than to have a new trial of the case. All of these matters were for consideration by the trial judge, and he having refused to entertain the motion, we are not inclined under the showing made to disturb his judgment. *Dixon* v. *Mutual Life Industrial Association,* 3 *Ga. App.* 524 (2) (60 S. E. 207).

*Judgment affirmed. All the Justices concur.*