604

## 34134. ALLEN *v.* THE STATE.

GARDNER, P.J. 1. The defendant was convicted of having and carrying about his person and on his person, and having in his manual possession outside of his home and place of business, a pistol without first taking out a license from the Ordinary of Jackson County. The State made out a prima facie case of this charge by evidence from which the jury were authorized to find that the defendant alighted from his car in the street and carried into a filling station a pistol on his person fastened with and under his belt. The burden then shifted to the defendant to show that he had a license to carry a pistol. He stated that he had his license to carry the pistol, and his license was introduced showing that in 1949 he had obtained a license to carry a pistol described therein as a "38 calibre Smith and Wesson pistol or revolver number 843888" for a period of three years from September 1st, 1949. The defendant did not show that the pistol which he had on the occasion in question was the same one which he had a license to carry. This court, in *Donalson* v. *State*, 24 *Ga. App.* 73 (100 S. E. 40), said: "The statute prohibiting anyone from carrying outside of his own home or place of business, a pistol, without first obtaining a license from the ordinary of the county in which he resides, . . when properly construed as a whole, means that where one gives the required bond and secures a license to carry a pistol, he is authorized thereby to carry only the identical pistol for which the license is issued." The jury were authorized to find that the defendant failed to show, after the burden had been cast upon him by the State's evidence, that the pistol which he had and possessed on his person was the "identical pistol" for which the license was issued. If it had been the same pistol, it would have been a simple matter for him to have proven it. The law is clear in such cases as this that, where the State makes out a prima facie case, it then becomes a question for the jury, under the evidence, to determine whether or not the defendant has carried the burden of rebutting such prima facie case. See *Elder* v. *State*, 68 *Ga. App.* 227 (2) (22 S. E. 2d, 521).

2. There is one special ground which assigns error because the court did not charge with sufficient fullness the law with reference to the principle that, if the jury should believe that the defendant had a license to carry a pistol, a prima facie case would be overcome and they should acquit the defendant. We have examined the charge carefully and find no merit in this assignment of error. The court charged in effect sufficiently and fully that the State made out a prima facie case when it showed to the satisfaction of the jury and beyond a reasonable doubt that the defendant did have and used the pistol as alleged in the indictment, and that then the burden was shifted to the defendant to show that he had a license to carry the identical pistol which he is alleged in the indictment to have had. The court charged the principle of a presumption of innocence of the defendant, as to reasonable doubt, the law with reference to the defendant's statement, and also charged: "Now the license required under this law is required to identify a pistol, and the defense in order to be a defense must identify the pistol which the State may have shown, if they have shown that

a pistol was had on the person of this defendant or in his manual possession."

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JULY 16, 1952—REHEARING DENIED JULY 28, 1952.

*George W. Westmoreland, Quillian, Quillian & Thomas, Victoria Wilbanks,* for plaintiff in error.

*Hope D. Stark, Solicitor-General,* contra.