34568. ALLEN *v*. THE STATE.

DECIDED APRIL 21, 1953—REHEARING DENIED MAY 15, 1953.

*George W. Westmoreland, Jas. W. Arnold,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.

GARDNER, P. J. Extraordinary motions for a new trial are not favored by the courts. The granting thereof rests largely within the discretion of the trial judge, and his refusal of a new trial, based on an extraordinary motion, will not be disturbed unless there has manifestly been an abuse of that discretion. See *Rogers* v. *State,* 129 *Ga.* 589 (59 S. E. 288). The defendant

here made a motion for new trial, amended same by excepting to the failure of the court to charge, and upon the overruling thereof assigned error to this court, where the judgment was affirmed. *Allen* v. *State*, 86 *Ga. App.* 604 (71 S. E. 2d 870). When the remittitur from this court reached the Superior Court of Jackson County, the defendant was apprehended, and he thereupon presented to the trial judge his extraordinary motion for new trial, contending therein that he was arrested on February 11, 1952, indicted on February 12, 1952, pleaded not guilty on that date, and was tried and found guilty on that date; that he was held from the time of his arrest until his trial without bond, and that his counsel had asked the court for time, after said indictment, to prepare for trial, which was refused. The above is not proper subject matter for an extraordinary motion for new trial. The foregoing facts were all known to the defendant and his counsel at the time of his trial and of the filing of his original and first motion for new trial. It is too late for the defendant at this time by an extraordinary motion for new trial to bring such matters to the attention of the court. "It is not only the law of Georgia, but is a generally accepted principle, that extraordinary motions for new trial cannot be based upon matters that were known to the movant in time to have had them stated in his original motion, or that could have been discovered in time by proper diligence." *Williams* v. *State*, 192 *Ga.* 247, 254 (15 S. E. 2d 219), citing *Malone* v. *Hopkins*, 49 *Ga.* 221, Toledo Scale Co. *v.* Computing Scale Co., 267 U. S. 399 (43 Sup. Ct. 458, 67 L. ed. 719); 46 C. J. 243, § 216.

The defendant also contends in his extraordinary motion that after the trial he discovered that the pistol had been stolen by his brother and taken to Jacksonville, Florida, and pawned, and that, had he not been forced to trial, as above stated, he would have discovered such facts and would have been able to have shown to the court that the pistol and his license to carry same had been taken from his father's home. Under the facts, no ground for holding that the trial judge abused his discretion in overruling the defendant's extraordinary motion for a new trial is thus presented. See *Brown* v. *State*, 141 *Ga.* 783 (82 S. E. 238); *McCoy* v. *State*, 193 *Ga.* 413 (18 S. E. 2d 684).

The defendant further contends that one of the trial jurors

was biased and prejudiced, which fact was not known to the defendant and his counsel at the time of the trial; and this being a misdemeanor, the juror was not put upon his voir dire. The State made a counter-showing as to the impartiality of the juror. In *Loyd* v. *State*, 151 *Ga.* 717 (108 S. E. 55) this court held: "The trial judge occupied the position of a trior when passing upon the ground of an extraordinary motion for new trial in a criminal case, based upon the alleged bias of one of the jurors. His finding that the juror was impartial will not be reversed, unless it is apparent that he has abused the discretion which the law vests in him in such cases."

Applying the foregoing, it does not appear that the trial court erred in denying the defendant's extraordinary motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*