### 39759. CADE v. THE STATE.

FRANKUM, Judge. 1. Extraordinary motions for new trial are not favored. *Coggeshall v. Park*, 162 Ga. 78 (1) (132 SE 632). Such motions are contemplated for events that do not ordinarily occur in the transaction of human affairs. *Coggeshall v. Park*, 162 Ga. 78 (2), supra. "And such an extraordinary state of facts must have been unknown to the movant or his counsel at the time when an ordinary motion for a new trial could have been filed, and must have been impossible to ascertain by the exercise of proper diligence for that purpose." *Harper v. Mayes*, 210 Ga. 183 (78 SE2d 490). Defects which occur in the trial of a defendant should be taken advantage of by an ordinary motion for new trial, timely filed (*Williams v. State*, 192 Ga. 247, 254, 15 SE2d 219; *Allen v. State*, 88 Ga. App. 200, 76 SE2d 531), unless good cause is shown for the failure to file the motion within the time provided by law. *Dixon v. Mutual Life Assn.*, 3 Ga. App. 524 (60 SE 207); *Code* § 70-303. When the trial judge passes upon the grounds of an extraordinary motion for new trial, he occupies the position of a trier of fact, and in the event of conflicting facts, his discretion in refusing the motion will not be disturbed, unless manifestly abused. *Citizens &c. Bank v. State of Ga.*, 151 Ga. 696 (108 SE 161); *Allen v. State*, 88 Ga. App. 200, supra; *Hill v. State*, 70 Ga. App. 522 (28 SE2d 820); *Dixon v. Mutual Life Assn.*, 3 Ga. App. 524, supra.

2. The defendant contends by his extraordinary motion that the attorney who represented him at the trial was to file a motion for new trial on his behalf but failed to do so without his knowledge, and upon learning these facts, the defendant filed a motion for new trial himself, but it was void because it was a single motion attacking the verdicts in seven separate and distinct cases which had been consolidated for trial. The ground of the extraordinary motion is based upon the con-

tention that the defendant was convicted on the uncorroborated testimony of an accomplice. At a hearing there was introduced in evidence the affidavit of the attorney who represented the defendant at the trial who deposed that he had been employed to represent the defendant at the trial only and not to file a motion for new trial or represent him in any appeal of the case, and that the defendant was informed and understood that he (the attorney) was not to represent him in any appeal.

There are three reasons why the trial court did not err in dismissing the extraordinary motion for new trial upon a motion made by the solicitor general to dismiss it. One, the defendant is seeking by the motion to raise a question that should have been and could have been raised by an ordinary motion for new trial; two, there was evidence to authorize the judge to find that the defendant had not engaged the attorney who represented him at the trial to prosecute an appeal of the case, and by reason of such fact the defendant did not exercise due diligence in filing a proper motion for new trial within the time provided by law (see *Cobb v. State,* 78 Ga. 801, 3 SE 628; *Jones v. Balkcom,* 210 Ga. 262, 79 SE2d 1) ; and, third, it appears from a perusal of the evidence that the witness claimed to be an accomplice was not an accomplice of the defendant in the commission of the crime charged in the indictment. He was an eyewitness to an act of sodomy committed by the defendant with one James Knowles. The court did not abuse its discretion in dismissing the motion. See *Loomis v. Edwards,* 80 Ga. App. 396 (56 SE2d 183).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED NOVEMBER 15, 1962.

*Majorie C. Thurman, Leachman, King & Thurman,* for plaintiff in error.

*George D. Lawrence, Solicitor General,* contra.