### 51124. BARFIELD v. McENTYRE.

WEBB, Judge.

Plaintiff below filed his motion for new trial more than thirty days after entry of judgment on the verdict in his favor. See Code Ann. § 70-301. The motion is based upon the three general grounds and a fourth ground complaining of the inadequacy of the verdict. Defendant moved to dismiss the motion for new trial, but the trial court denied the motion to dismiss, treated the motion for new trial as an extraordinary motion (Code Ann. § 70-303), and granted a new trial on the general grounds. Defendant appeals.

We reverse. "Any matter which could have been complained of in the original motion for new trial will not constitute ground for an extraordinary motion. [Cits.] Extraordinary motions for new trial cannot be based upon matters that were known by the movant in time to have stated them in his original motion or that could have been discovered in time by proper diligence." *Bishop v. State,* 117 Ga. App. 93 (2) (159 SE2d 477).

"The grounds set out in the motion as to why a new trial should be granted are not themselves extraordinary. They are grounds which might have been made in an ordinary motion timely filed, and not such as have subsequently arisen. [Cits.] The motion is 'extraordinary' only in the sense that it comes after the expiration of the normal time allotted for the filing of an ordinary motion for new trial." *Miles v. Johnson,* 193 Ga. 492, 493 (18 SE2d 831).

The judgment is reversed with direction to dismiss the motion for new trial. *Vaughan v. Car Tapes, Inc.,* 135 Ga. App. 178 (217 SE2d 436) does not require a different result, since that case dealt with a motion to set aside a dismissal for lack of prosecution resulting from failure of court personnel to notify counsel of the trial date. Such grounds may be considered "extraordinary" — the general grounds, however, may not.

*Judgment reversed with direction. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 17, 1975 — DECIDED SEPTEMBER 30, 1975 —

REHEARING DENIED OCTOBER 23, 1975 — 

*N. Forrest Montet,* for appellant.
*Charles R. Holman, Jr.,* for appellee.