53352. BEARDEN et al. v. CITIZENS BANK.
53353. CITIZENS BANK v. GRADY STOCKYARDS, INC. et al.

STOLZ, Judge.

In this seven-count action by the bank, six of the counts are claims at law on notes, for monies had and received, and for damages for defrauding and delaying collection to the plaintiff bank by commingling accounts. Count 5 sought a temporary injunction from the defendants' changing the status of property of their own individually or of the insolvent defendant stockyards, for which a receiver was prayed.

In a bench trial, the trial judge granted the temporary injunction, appointed a receiver for the purpose of selling two of the stockyards' vehicles then terminated the receivership, entered summary judgment against the defendants, denied the counterclaim of two of the individual defendants, and continued the temporary

injunction until the judgments be satisfied.

The defendants appealed to this court from the grant of summary judgment against them, and the plaintiff cross appealed from the same judgment, complaining of certain holdings therein. The appeals were transferred to the Supreme Court of Georgia on the ground that they were "equity cases" and/or cases "involving extraordinary remedies," of which that court has jurisdiction. Code Ann. § 2-3704. The Supreme Court ordered that the cases be returned to this court for our consideration and judgment, the order stating as follows: "These cases involve an appeal from a final money judgment which granted no permanent equitable relief that would give this court original jurisdiction to hear and decide the appeal and cross-appeal." *Held:*

The transfer of these cases to this court from the Supreme Court is equivalent to a ruling that they are neither "equity cases" nor cases "involving extraordinary remedies." It follows that the trial judge erred in acting as the trior of facts pursuant to the rule in *Williams v. Overstreet,* 230 Ga. 112 (III) (195 SE2d 906) (1973), that Georgia law does not require trial by jury in equity cases, the present cases not being equity cases.

Nor was the grant of summary judgment authorized, there being genuine issues of material facts, which must be resolved by a jury.

*Judgment reversed and remanded. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 3, 1977 — REHEARING DENIED FEBRUARY 23, 1977 — 

*Whitehurst, Cohen & Blackburn, William H. Blackburn, A. J. Whitehurst,* for Bearden et al. and Grady Stockyards, Inc. et al.

*J. Patrick Ward,* for Citizens Bank.