### 60466. AUSTIN v. McNEESE et al.

McMURRAY, Presiding Judge.

This case arises out of a collision of motor vehicles on a public road. The plaintiff seeks damages for personal injuries, the value of the motor vehicle, medical and dental expenses, lost earnings, and lost earning capacity. The defendants answered separately, in general, denying the claims.

The suit was filed on October 25, 1978. On February 28, 1979, the defendants served plaintiff with their first interrogatories and requests for the production of documents (filed on March 1, 1979), seeking information regarding the facts and circumstances surrounding the automobile incident, as well as information regarding the medical condition and injuries of the plaintiff, contending the answers to the interrogatories were due on March 30, 1979. Thereafter, on May 10, 1979, defendants filed a motion for an order compelling discovery. On June 18, 1979, plaintiff responded by answering the interrogatories and requests for admissions which the defendants contend were partial and incomplete.

On August 27, 1979, defendants' motion to compel discovery came on for a hearing, and the trial court ordered plaintiff to respond to same and specifically to provide certain requested documentation as to plaintiff's medical condition. Production of said documentation was "to be done within fifteen (15) days said period to expire on September 11, 1979."

Thereafter, on September 17, 1979 (filed on September 18, 1979), defendants moved to dismiss, contending that as of the time of filing of this motion plaintiff had refused to comply with the court's order compelling production of the requested documentation, seeking also an award of attorney fees by reason of the failure of the plaintiff to comply. On October 18, 1979 (filed October 19, 1979), plaintiff's counsel replied by letter to the trial judge offering his

apologies for failing to respond, pointing out that the reason therefor was the fact that he had moved his office, his mail not being forwarded but left with a bookstore across the hall from his former office. Having now received the order he advised he would fully respond by Monday, October 22, 1979.

On October 23, 1979, the motion to dismiss came on for hearing and after argument by counsel for both sides the trial court held: "whereas it having been shown that the plaintiff has willfully failed to comply with an Order of this Court entered on August 27, 1979 compelling the plaintiff to provide certain documentation as requested in Defendant's First Interrogatories and Requests for Production of Documents, and it being further shown that plaintiff has willfully failed to file with the Court the requested documentation pursuant to the plaintiff's indication by written communication to the Court that he will so file the requested documentation by October 22, 1979," the complaint was dismissed with prejudice. On October 25, 1979, the requested documentation was filed in the trial court, although dated "10/22/79."

On November 8, 1979, plaintiff moved to revoke the order dismissing the action and the same was set down for a hearing on November 23, 1979. On November 23, 1979, plaintiff filed his motion styled "Motion for New Trial" based upon the general grounds and because the judgment denied plaintiff his "day in court" through no fault of his own. No rule nisi was granted on the motion. However, on December 18, 1979, the trial court, after setting forth the history of the case as shown above, held that the motion for new trial was in fact a motion seeking to have the judgment set aside solely on the grounds of negligence of his attorney and that this was not a proper ground for a motion to set aside; and no relief in equity was set forth in this motion.

Nothing was said in this order about the pending hearing on the motion to revoke the order which on November 8, 1979, was set down for a hearing on November 23, 1979. The trial court, based upon *Smith v. Forrester,* 145 Ga. App. 281 (243 SE2d 575), held that everything that occurred subsequent to the 30 day period after the entry of judgment was a nullity and that the motion for new trial was not filed in a timely manner as mandated by the Civil Practice Act. This order was dated December 18, 1979.

On January 7, 1980, the trial court entered another order, taking into consideration the fact that the above order did not address the plaintiff's motion of November 8, 1979, but that this motion must be viewed as one for a new trial, citing *Leiter v. Arnold,* 118 Ga. App. 108 (163 SE2d 235). Based upon *Southern Arizona School for Boys v. Morris,* 123 Ga. App. 67 (179 SE2d 548) and *Newman v. Greer,* 131

Ga. App. 128, 132 (205 SE2d 486), the trial court concluded that the plaintiff's attorney had not shown a meritorious reason for his failure to respond in a timely manner to the court's order of October 27, 1979, compelling discovery and that its order granting dismissal on October 23, 1979, "was proper considering the repeated failure of plaintiff's counsel to comply with earlier orders," citing also *Mayer v. Interstate Fire Ins. Co.,* 243 Ga. 436 (254 SE2d 825).

Thereafter, plaintiff employed new counsel who on January 24, 1980, filed an extraordinary motion for new trial contending the trial court had abused its discretion, plaintiff had been represented by incompetent counsel and had been denied his day in court in violation of the equal protection clauses of the Fourteenth Amendment, Constitution of the United States, and also the State of Georgia, contending plaintiff had a justiciable cause and a right to have his cause heard and determined in accordance with due process of law, that he has no adequate remedy at law and that justice and equity require that the above orders be set aside and plaintiff be given an opportunity to have his case heard as more fully set out in affidavits attached to the motion. This motion was heard and denied. Plaintiff appeals. *Held:*

1. The Supreme Court having transferred this case to this court by order, the effect of same is to hold that no equity jurisdiction is involved in this case. *English v. Poole,* 31 Ga. App. 581 (1) (121 SE 589); *Stone v. Edwards,* 32 Ga. App. 479 (1) (124 SE 54); *Bearden v. Citizens Bank,* 141 Ga. App. 356 (233 SE2d 441).

2. The trial court did not err in holding that there was a dismissal for failure to comply with the Civil Practice Act. This was an adjudication upon the merits " 'unless the court in its order for dismissal otherwise specifies.' " *Bowman v. Ware,* 133 Ga. App. 799, 800 (3) (213 SE2d 58); *Lawyers Co-op. Publishing Co. v. Bekins Moving & Storage Co.,* 135 Ga. App. 12, 13 (217 SE2d 372). See also *Vaughan v. Car Tapes, Inc.,* 135 Ga. App. 178 (217 SE2d 436); *Douglas v. Douglas,* 238 Ga. 452, 453 (233 SE2d 195).

3. The court also held that this was a matter which could have been complained of in the original motion for new trial. Thus it would not constitute grounds for an extraordinary motion for new trial. See *Barfield v. McEntyre,* 136 Ga. App. 294 (221 SE2d 58); *Bradley v. State,* 143 Ga. App. 767 (240 SE2d 124); *Bishop v. State,* 117 Ga. App. 93 (2) (159 SE2d 477).

4. The court dismissed the action in its order of October 23, 1979 "with prejudice." No appeal was taken from this order. However, on November 8, 1979, within 30 days thereof, the trial court set down this motion to revoke the dismissal order for a hearing on November 23, 1979, and this hearing was not held until January 7, 1979, wherein

the court stated that "(a) applying . . . [the standard of diligence set forth in *Newman v. Greer,* 131 Ga. App. 128, 132, supra, and *Southern Arizona School for Boys v. Morris,* 123 Ga. App. 67, supra, required of counsel in the instant case] . . . the court concludes that the plaintiff's attorney has not shown a meritorious reason for his failure to respond in a timely manner to the Court's order of August 27, 1979, compelling discovery."

The motion to revoke the order dismissing the action was timely filed on January 7, 1980. No appeal was filed to this order. Instead counsel proceeded to file an extraordinary motion for new trial. Consequently this court has for review on appeal the denial of the extraordinary motion for new trial. No grounds based on newly discovered evidence as shown in Code § 70-204 or any other grounds which would authorize an extraordinary motion for new trial have been shown in the motion. Accordingly, the trial court did not err in denying the same.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Argued September 3, 1980 — Decided October 24, 1980 — Rehearing denied November 21, 1980 — 

*Virgil C. Spence,* for appellant.
*Douglas W. Smith, Dennis J. Webb,* for appellees.