### 41965. JACKSON v. JONES.
(327 SE2d 206)

MARSHALL, Presiding Justice.

On October 4, 1966, the Fulton Superior Court imposed two sentences against the appellant, John H. Jackson, for convictions entered on guilty pleas. First, the appellant was sentenced to life imprisonment for the murder of Annie Mae Jackson. Second, the appellant was sentenced to ten years' imprisonment for assault with intent to commit murder upon James R. Sailors. The ten-year sentence was made to run consecutive to the sentence for life imprisonment.

The appellant was incarcerated from 1966 to 1978, at which time he was paroled. However, his parole was revoked in 1982, and he was again incarcerated.

In 1983, the appellant filed a petition for writ of habeas corpus in the Baldwin Superior Court, challenging the validity of the guilty plea on the murder charge. The superior court entered an order ruling that the guilty plea was invalid, on grounds that the signature of the appellant and his attorney on the guilty plea had been crossed out and that there was no transcript available to show that the appellant pleaded guilty. Accordingly, the court vacated the appellant's life sentence for murder.

In 1984, Jackson filed this petition for writ of habeas corpus, challenging his detention under the ten-year sentence for assault with intent to murder. The superior court denied this petition. We granted the appellant's application for certificate of probable cause to appeal because of our concern that the time Jackson served under the invalid murder sentence should be credited toward his sentence for assault.

The primary question for decision can be stated thusly: Where a sentence for one conviction is made to run consecutive to a sentence for a prior conviction, and where the prior conviction is subsequently reversed or set aside on grounds that render it invalid from its commencement, will the term of imprisonment under the latter conviction be held to commence from the date fixed for imprisonment to begin under the former conviction or from the date the former conviction is reversed or set aside? *Held*:

1. Although there is a division of authority on the question, it would appear to us that the majority, and better reasoned, view is that where consecutive sentences for separate offenses are imposed at the same time, and where the underlying conviction for which the earlier sentence was imposed is reversed or set aside, the time the defendant served under the invalidated sentence will be credited toward the latter sentence so that the latter sentence will be held to have commenced at the date of commencement of the earlier, invalid sentence. See *Blitz v. United States,* 153 U. S. 308 (14 SC 924, 38 LE 725) (1894); *Hoffman v. United States,* 244 F2d 378 (2) (9th Cir. 1957); *Youst v. United States,* 151 F2d 666 (2) (5th Cir. 1945); *Sancinella v. Henderson,* 380 FSupp. 1393 (N. D. Ga. 1974); 21 AmJur2d 920, Criminal Law, § 555, Anno. 68 ALR2d 712, Effect of Invalidation of Sentence Upon Separate Sentence Which Runs Consecutively. In our opinion, rudimentary notions of fairness compel this result.

However, there are numerous situations in which the reversal of an earlier sentence will not mean that a latter, consecutive sentence begins to run as of the date of commencement of the invalid sentence. For instance, if the sentences were imposed at different times, the

defendant may be entitled to some credit for time served under the earlier, invalid sentence, but the latter sentence will not automatically be held to have begun at the commencement of the earlier sentence.[1] See *Sancinella v. Henderson*, supra. In addition, where the earlier sentence is invalidated but the conviction is upheld and the defendant subsequently is resentenced, the latter sentence will not begin to run until termination of the resentence. *In re Sellers*, 234 N.C. 648 (68 SE2d 308) (1951). Likewise, the same result would obtain where the conviction supporting the earlier sentence is reversed but the defendant is retried, reconvicted, and resentenced.

Some cases do distinguish between void and voidable sentences, thereby holding that where the sentence is merely voidable rather than void, a latter, consecutive sentence begins to run as of the date the earlier sentence is voided. *Smith v. Lovell*, 146 Me. 63 (77 A2d 575) (1950); *Ex parte Roberts*, 9 Nev. 44 (16 AmRep. 1) (1873). However, this view has come under increasing attack, and the leading case in support of the view, *Kite v. Commonwealth*, 52 Mass. (11 Met. 581) (1846), has been repudiated in the jurisdiction in which which it was decided. *Brown v. Commr. of Correction*, 336 Mass. 718 (147 NE2d 782, 68 ALR2d 708) (1958).

2. The state makes essentially two arguments. First, the state relies upon *Jackson v. State*, 91 Ga. App. 291 (85 SE2d 444) (1954), as the only Georgia authority on the question under review. As argued by the state, *Jackson v. State*, supra, does constitute authority for the proposition that a second sentence which was to run consecutively should commence at the termination of the first sentence no matter what brought about that termination. However, the *Jackson* case itself involved a first sentence that was terminated by parole. Second, the state argues that habeas relief should not now be granted to the appellant, because he delayed bringing this habeas action until some 17 years after his sentence was imposed, thereby making it impossible to retry him.

We reject both arguments advanced by the state. Although the *Jackson* case is correct on its facts, that decision is disapproved to the extent that it holds that a latter, consecutive sentence will be held to commence at the termination of an earlier, invalidated sentence, no matter what brought about the termination of the earlier sentence. In substance, the state's second argument is that the doctrine of laches should be applied against a petitioner in a habeas corpus proceeding. We are unaware of any authority, statutory or decisional, supporting

---

[1] Thus, if the defendant was sentenced for crime A in 1980, and if he was given a consecutive sentence for crime B in 1983, and if the underlying conviction as to crime A was reversed in 1985 with the defendant not being retried, reconvicted, and resentenced, the defendant would be entitled to a two-year, but not a five-year, credit for time served for crime A.

this argument.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED MARCH 15, 1985.

John H. Jackson, *pro se.*

Michael J. Bowers, *Attorney General, J. Michael Davis,* for appellee.