S94A1852, S94A1853. HENDERSON v. THE STATE (two cases).
(454 SE2d 458)

BENHAM, Presiding Justice.

Appellant pleaded guilty to malice murder and aggravated assault of a police officer in June 1993. No appeal was taken. He filed a motion for out-of-time appeal in May 1994, asserting ineffective assistance of counsel as the ground for the motion. He contended that he had requested his appointed counsel to pursue an appeal but counsel had not done so. The trial court denied the motion in an order filed June 29, 1994. Appellant filed two notices of appeal from that order, one on July 29, 1994, which was docketed here as Case No. S94A1852; and the other, docketed here as Case No. S94A1853, on August 3, 1994.

1. Turning first to Case No. S94A1853, we note that a timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal. *Hester v. State,* 242 Ga. 173 (249 SE2d 547) (1978). The notice of appeal having been filed outside the 30-day period provided for in OCGA § 5-6-38 (a), the appeal in Case No. S94A1853 must be dismissed.

2. In Case No. S94A1852, appellant complains of the trial court's denial of his motion for out-of-time appeal. The stated ground for his motion was that counsel was requested to file an appeal but failed to do so.

> This court has held that an out-of-time appeal is appropriate where "due to the ineffective assistance of counsel, no appeal has been taken." *Hunter v. State,* 260 Ga. 762 (399 SE2d 921) (1991); *Williams v. State,* 251 Ga. 83 (303 SE2d 111) (1983). The record in this case does not show, however, that

appellant's trial counsel abandoned his appeal.

*Lane v. State*, 263 Ga. 517 (2) (436 SE2d 9) (1993).

Appellant testified that he called counsel's office within the 30 days following entry of his guilty plea and left a message that he wanted to appeal; that although he got no response to his call, he assumed that counsel had begun the appellate process; and that he wrote to counsel several times over the next few months, but got no response to any of those letters, although someone in counsel's office signed for a certified letter appellant sent to counsel in March 1994. Defense counsel testified that appellant was informed of his right to appeal by the judge who took his guilty plea, but that counsel had received no messages and no request for an appeal from appellant and had no record that such a request had reached his office. The certified letter appellant sent in March 1994 was admitted into evidence. It made no reference to a desire for an appeal, to any past requests for an appeal, or to any belief that an appeal was pending. The letter contained only a request for counsel's notes and records concerning appellant's conviction.

The evidence adduced at the hearing was sufficient to authorize a finding that appellant was appropriately informed of his right to appeal, that appellant took no steps to perfect an appeal in a timely manner, and that appellant was not denied his right to appeal by any failure of trial counsel. "An out-of-time appeal . . . is not authorized if the delay was attributable to the appellant's conduct . . . . [Cits.] . . . The court did not err in denying the motion for an out-of-time appeal. [Cit.]" *Franz v. State*, 208 Ga. App. 677 (2) (432 SE2d 554) (1993).

*Judgment affirmed in Case No. S94A1852; appeal dismissed in Case No. S94A1853. All the Justices concur.*

DECIDED MARCH 6, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

Jerry Henderson, *pro se.*

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.