S03A1383. JACKSON v. THE STATE.
(592 SE2d 834)

HUNSTEIN, Justice.

Marshall Jackson was convicted of the malice murder of Tommy Jordan III.[1] He appeals from the denial of his motion for new trial,

---

[1] Jackson was indicted by the McIntosh County grand jury on May 24, 2000 for malice

and we affirm.

1. The evidence authorized the jury to find that on the day of the murder Jackson and the victim argued about the whereabouts of certain car stereo speakers belonging to the victim. Jackson and the victim then rode bicycles into a wooded area where Jackson fatally shot the victim in the head and face. Jackson admitted to several friends that he killed the victim, and after his arrest, he showed police the location of the body, the bicycles, and the shovel he used in an attempt to bury the victim. Viewed in the light most favorable to the verdict, the evidence was sufficient for the jury to conclude that Jackson was guilty beyond a reasonable doubt of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jackson contends that trial counsel was ineffective in that he failed to investigate and take photographs of the crime scene, failed to consult with Jackson regarding trial strategy, and failed to impeach the State's witnesses. In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable probability, i.e., a probability sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). "The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

The trial court conducted an evidentiary hearing on Jackson's motion for a new trial and found no merit in his ineffective assistance of counsel claim. A review of the transcript of the hearing on the motion for new trial reveals that trial counsel met and communicated with Jackson numerous times in the months before trial and consulted with Jackson on all possible defenses. Counsel testified that he thoroughly investigated every aspect of the case, leaving "no stone unturned," and the trial transcript reflects that counsel conducted substantial cross-examination of State witnesses whose testimony may have contradicted Jackson's defense, including witnesses testifying about the crime scene. Jackson has failed to present any evidence of how further cross-examination of witnesses or the submission of

---

murder. He was tried by a jury on November 28-30, 2000, found guilty, and sentenced to life imprisonment. He filed a motion for new trial on December 28, 2000, which was amended on December 28, 2001 and March 18, 2003. The trial court denied the motion on April 1, 2003. Jackson filed a notice of appeal on April 30, 2003. The appeal was docketed in this Court on June 4, 2003 and submitted for decision on July 28, 2003.

additional photographs of the crime scene would have been necessary or beneficial to his defense. Applying the *Strickland* standard, we thus conclude that the trial court's determination that Jackson received effective assistance of counsel was not clearly erroneous. See generally *Willingham v. State*, 268 Ga. 64 (6) (485 SE2d 735) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2004.

*Samuel G. Oliver*, for appellant.

*J. Tom Durden, Jr.*, District Attorney, *Thurbert E. Baker*, Attorney General, *Frank M. Gaither, Jr.*, Assistant Attorney General, for appellee.