### A08A0418. BROWN v. THE STATE.
(662 SE2d 297)

PHIPPS, Judge.

In 1999, Garvin Brown, Jr., was convicted of aggravated assault, kidnapping with bodily injury, two counts of theft by taking, and possession of a knife during the commission of crimes. During sentencing, the trial court merged the aggravated assault conviction into the kidnapping conviction and sentenced Brown to life imprisonment. It then merged the theft by taking convictions and sentenced him to ten years, to run concurrently with the life sentence. Finally, the court sentenced him to five years for possession of a knife during the commission of crimes, to run consecutively to the other sentences. Brown's convictions were affirmed in an unpublished opinion.[1]

Brown then successfully pursued a writ of habeas corpus based on ineffective assistance of appellate counsel. The habeas court held that appellate counsel was deficient for failing to challenge the trial court's instruction on kidnapping with bodily injury because it did not include the bodily injury element of that crime. It further held that trial counsel's deficient performance prejudiced Brown's defense. The court essentially ordered that Brown be resentenced for simple kidnapping.

On remand from the habeas court and prior to the resentencing hearing, Brown filed a pro se "Motion to Vacate a Void Sentence," claiming that the district attorney had engaged in prosecutorial misconduct. The trial court concluded that it lacked jurisdiction to address Brown's motion.

---

[1] *Brown v. State*, 244 Ga. App. XXV (2000).

With regard to resentencing, the trial court first determined that the aggravated assault and simple kidnapping charges did not merge. The court then sentenced Brown to 20 years imprisonment for simple kidnapping and 20 years for aggravated assault, to run concurrently. The court also restated the other sentences in its written order.

Brown now appeals both the trial court's refusal to grant his motion to vacate a void sentence and his five-year consecutive sentence for possession of a knife during the commission of crimes. Because Brown failed to raise the issues in his motion during his first appeal and because the trial court sentenced him correctly, we affirm.

On September 8, 1998, Brown was indicted for several offenses, including simple kidnapping. He was reindicted on February 16, 1999, and the kidnapping offense was revised to include the element of bodily harm. The indictments were otherwise the same. During Brown's trial on February 22 and 23, 1999, the judge read the jury the revised indictment and suggested they review it prior to deliberating. Before the indictment was given to the jury, the prosecutor realized that it had not been signed by the defendant, indicating his not guilty plea. Brown's counsel acknowledged that Brown wanted to waive arraignment and sign the indictment before it went to the jury, and that was done on February 23, 1999. That same day, the assistant district attorney requested the entry of nolle prosequi for the first indictment.

1. In his motion to vacate a void sentence, Brown claimed that the decision to reindict and the failure to present the revised indictment to him before trial constituted prosecutorial misconduct. On appeal, he claims that he was tried on two separate indictments simultaneously, which resulted in double jeopardy and prejudiced his defense. Brown did not raise either of these arguments in his first direct appeal.

Looking at its substance rather than its nomenclature, Brown's motion did not seek to vacate a void sentence, but rather constituted an improper attempt to obtain a second appeal from his convictions.[2] Generally, a defendant is entitled to only one direct appeal from a judgment of conviction.[3] Exceptions to this rule are limited to the "extraordinary motion or case."[4] An extraordinary motion for new trial cannot be based upon matters that were known to the movant in time for him to have asserted them in an ordinary motion for new

---

[2] See *Felder v. State*, 274 Ga. 870 (561 SE2d 88) (2002).

[3] *Shields v. State*, 276 Ga. 669, 670 (2) (581 SE2d 536) (2003).

[4] Id.

trial or that could have been discovered in time by proper diligence.[5] Here, Brown knew of the reindictment and knew when the revised indictment was presented to him. He also knew or could have discovered with minimal effort when the prosecutor requested the entry of nolle prosequi for the first indictment. Thus, Brown's failure to raise these issues in his direct appeal of his conviction precludes him from asserting them in a second direct appeal.[6]

2. Brown claims that the trial court erred by making his five-year sentence for possession of a knife during the commission of crimes run consecutively to his other sentences.

Relying on *Jackson v. Jones*,[7] Brown argues that the time he served under the invalidated life sentence should have been credited toward his five-year sentence so that the five-year sentence would be held to have commenced when the life sentence commenced. *Jackson* set forth the rule that

> where consecutive sentences for separate offenses are imposed at the same time, and where the underlying conviction for which the earlier sentence was imposed is reversed or set aside, the time the defendant served under the invalidated sentence will be credited toward the latter sentence so that the latter sentence will be held to have commenced at the date of commencement of the earlier, invalid sentence.[8]

Here, although consecutive sentences for separate offenses were imposed at the same time and the earlier kidnapping sentence was invalidated, the kidnapping conviction was upheld and Brown was resentenced. In that situation, the latter sentence will not begin to run until termination of the resentence.[9] Thus, the trial court did not err by making the five-year sentence run consecutively to Brown's other sentences.[10]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 14, 2008.

---

[5] *Barfield v. McEntyre*, 136 Ga. App. 294 (221 SE2d 58) (1975).

[6] See *Shields*, supra.

[7] 254 Ga. 127, 128 (1) (327 SE2d 206) (1985).

[8] Id. (citations omitted).

[9] Id. at 129.

[10] See id.; see also OCGA § 16-11-106 (b) (any person convicted of possessing a knife during the commission of any crime against the person of another shall be punished by five years confinement, such sentence to run consecutively to any other sentence such person received).

*David S. Klein*, for appellant.
*Daniel J. Craig, District Attorney*, for appellee.