## A08A0314. GARY v. THE STATE.
(662 SE2d 742)

JOHNSON, Presiding Judge.

A jury found Dexter Gary guilty of burglary and hindering a law enforcement officer. Viewed in favor of the verdict,[1] evidence presented at trial shows that on April 4, 2005, at 4:41 a.m., two police officers responded to an alarm at a car wash in the city of Cartersville. When they arrived at the scene, one of the officers saw a man coming out of the front door of the car wash building. The officer ordered the man to stop, but he ran from the building. The officer ran after the man, repeatedly ordering him to stop. The officer eventually caught and arrested the man, who was later identified as Gary. Inside the building, the officers found screwdrivers, a pry bar and a sledgehammer lying near a coin machine. Based on damage to the machine in several places, including marks near the locks, the officers believed there had been an attempt to break open the machine with the nearby tools. Gary later told an investigator that he had found an unlocked door at the car wash, entered the building and attempted to break into a coin machine to get money to buy crack cocaine. Gary appeals from the judgment of conviction entered on the verdict.

1. Gary contends that his trial counsel was ineffective (a) in failing to properly investigate the case and consult with him about trial strategy, and (b) in introducing evidence of similar burglaries after the trial court had prohibited the state from introducing such evidence. To establish ineffective assistance of counsel, a criminal defendant must prove both that his trial counsel's performance was deficient and that the deficient performance so prejudiced his defense that there exists a reasonable probability the result would have been different but for the deficiency.[2] We will not reverse a trial court's ruling on either prong of an ineffective assistance claim unless clearly erroneous.[3]

(a) Gary was represented at trial by attorney Christopher Paul, who was assisted by attorney Samir Patel. At the motion for new trial hearing, Patel testified that he began preparing for Gary's trial in September 2005, some two months before the trial held on November 15, 2005. He went through the discovery that had already been compiled by another attorney, and he also reviewed the state's file on the case, including the audiotape of Gary's statement to the investigator. Patel met with Gary at least three or four times at the

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Phillips v. State*, 284 Ga. App. 224, 230-231 (4) (644 SE2d 153) (2007).

[3] Id.

jail and also talked with him on several occasions in an inmate holding area, presumably at the courthouse. During the meetings, they discussed the facts of the case, trial preparation and Gary's concerns about the case. Patel further testified that he kept attorney Paul apprised of the case, and met with him on at least five or six occasions to discuss the merits of the case.

Paul testified at the motion for new trial hearing that he is the Chief Public Defender of the Cherokee Circuit and that Patel is one of the attorneys in his office. He helped Patel with the case prior to trial, but decided to handle the trial himself because Patel was new in the office. Paul testified that he has been involved in thousands of criminal cases, and that it is his normal practice to view the state's file prior to trial. He further testified that he met with Gary on more than one occasion to discuss the case, and that Gary was informed before and during the trial about what the attorneys were doing.

Gary himself testified that he had met with attorneys Paul and Patel prior to the trial. He testified that they had gone over the facts of the case with him and had discussed his concerns about the trial. He further testified that he had gotten a package of discovery materials from the attorneys.

Based on the testimony given at the motion for new trial hearing, the trial court was authorized to find that Gary's counsel adequately investigated the case and consulted with Gary about the trial. Because the trial court's determination that Gary received effective assistance of counsel is not clearly erroneous, it will not be reversed.[4]

(b) Prior to trial, the court ordered the state not to mention four allegedly similar crimes about which Gary had been questioned by the investigator. Nevertheless, during cross-examination, defense attorney Paul asked the investigator if he had questioned Gary about those similar crimes prior to Gary's admission that he had tried to break into the car wash coin machine. The investigator testified that he had asked Gary about those other crimes, and that Gary denied any involvement in them. No other evidence concerning the other crimes was introduced at trial.

At the motion for new trial hearing, Paul explained that he had decided to ask the investigator about having confronted Gary with the other crimes as a matter of trial strategy. The defense theory was that Gary had been coerced into admitting the car wash burglary in order to avoid being charged with the other four allegedly similar crimes. In order to support this defense theory, counsel wanted to

---

[4] See *Jackson v. State*, 277 Ga. 592, 593-594 (2) (592 SE2d 834) (2004).

show the jury that Gary had made his admission only after having been threatened by the investigator with prosecution for those other crimes.

Trial tactics and strategy do not equate with ineffective assistance of counsel.[5] This is true even if counsel's tactics and strategy may have been unwise.[6] Because such trial tactics and strategy are not susceptible to attacks of ineffective assistance, Gary's claim is without merit.[7]

2. Gary argues that the trial court should have sua sponte declared a mistrial when his attorney cross-examined the investigator about the similar crimes. His sole citation of legal authority in support of this argument is OCGA § 17-8-75, which provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same."

Gary's reliance on this Code section is misplaced. What the law forbids is the introduction, by way of argument, of facts which are not in the record and are calculated to prejudice a party and render a trial unfair.[8] Here, Gary's own counsel made no improper argument calculated to prejudice him or render the trial unfair, and instead merely attempted to introduce evidence into the record by the proper method of questioning a witness. And as discussed above in Division 1, counsel did this as a matter of trial tactics and strategy. Under these circumstances, OCGA § 17-8-75 is simply inapplicable and provided no basis for the trial court to intervene on its own motion.

Moreover, "a defendant may not complain of error that he induced."[9] Since the evidence in question came in response to questions by Gary's own attorney, Gary cannot now claim error.[10]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED MAY 15, 2008 —
RECONSIDERATION DENIED JUNE 4, 2008.

*James C. Wyatt*, for appellant.

---

[5] *Beecher v. State*, 240 Ga. App. 457, 460 (4) (523 SE2d 54) (1999).

[6] *Sikes v. State*, 247 Ga. App. 855, 858 (2) (545 SE2d 73) (2001).

[7] See *Boyt v. State*, 286 Ga. App. 460, 462-463 (2) (a) (649 SE2d 589) (2007).

[8] *Davis v. State*, 178 Ga. App. 357, 359-360 (3) (343 SE2d 140) (1986).

[9] (Footnote omitted.) *Edwards v. State*, 253 Ga. App. 479, 483 (5) (a) (559 SE2d 506) (2002).

[10] Id.

*T. Joseph Campbell, District Attorney, Gregory S. Dickson, Assistant District Attorney*, for appellee.