# Court of Appeals
# of the State of Georgia

ATLANTA,    April 04, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1448.  DEXTER LEONARD GARY v. THE STATE.**

In 2005, Dexter Leonard Gary was convicted of burglary and hindering a law enforcement officer.  We affirmed his convictions.  See *Gary v. State*, 291 Ga. App. 757 (662 SE2d 742) (2008).  In 2012, he filed a motion to vacate a void/illegal sentence, arguing that his sentence was void because the indictment was defective and because he was not present at his arraignment.  The trial court denied the motion, and Gary appeals.  We lack jurisdiction.

In his motion, Gary argued that his indictment failed because it lacked specificity and failed to charge an element of the crime of burglary.  Gary also argued that his conviction was void because he was not present at his arraignment.  Although Gary's motion was styled as one to vacate his sentence, in substance he sought to challenge his convictions.  "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Furthermore, a direct appeal may lie from an order denying a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Gary does not argue that his sentence exceeded legal limits; rather he contends that his indictment

was defective.  Thus, he has not raised a colorable argument that his sentence is void.

"Generally, a defendant is entitled to only one direct appeal from a judgment of conviction." *Brown v. State*, 291 Ga. App. 518, 519 (662 SE2d 297) (2008).  Thus, Gary's failure to raise the issue of his absence from his arraignment in his first appeal precludes him for asserting it at this time.  Id.

Finally, the notice of appeal is untimely.  The trial court entered its order on November 26, 2012, but Gary did not file his notice of appeal until January 28, 2013.  Under OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days of the order sought to be appealed.  "[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal." *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995).OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).  For these reasons, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 04/04/2013
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



                    *, Clerk.*