# Court of Appeals
# of the State of Georgia

ATLANTA,   May 16, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1576. DESHAWN THOMAS v. THE STATE.**

On April 1, 2011, Deshawn Thomas pled guilty to multiple counts of burglary and theft by taking.  Over two years later, Thomas filed a motion to modify his sentence, seeking a reduction in his sentence on compassionate grounds.  The trial court denied the motion on November 4, 2013, and Thomas filed a notice of appeal on January 27, 2014.  We lack jurisdiction for two reasons.

First, OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days of the order sought to be appealed.  Thomas, however, filed his notice of appeal 84 days after entry of the trial court's order. "[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal."  *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995).

Second, under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  Once this statutory period expires, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  Thomas, however, does not assert that his sentence is void.

For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* <u>05/16/2014</u>
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*