# Court of Appeals
# of the State of Georgia

ATLANTA,  February 28, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1025. TERESA TOOMBS, EXECUTRIX OF THE ESTATE OF OZELLA HULING v. HOSPITAL AUTHORITY OF COLUMBUS, GEORGIA et al.**

In this civil action, plaintiff Teresa Toombs, executrix of the estate of Ozella Huling, filed a direct appeal seeking review of the trial court's order denying Toombs's "Motion for Reconsideration and for Rehearing Regarding Defendant's Motion for Summary Judgment." We dismissed the appeal for lack of jurisdiction because it was untimely and required an application for interlocutory appeal. See Case Number A18A0005 (decided August 17, 2017). Upon remand, the trial court ruled on Toombs's motion to file an out of time appeal, granting the motion after finding that it had not served Toombs with the order granting the defendant's motion for summary judgment. Toombs then filed the present direct appeal. We lack jurisdiction.

OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days of the order sought to be appealed. "[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal." *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995). Here, Toombs seeks to challenge either an order granting summary judgment to the defendants or the previously appealed order denying her motion for reconsideration and rehearing. However, because she did not file a timely notice of appeal from these rulings, we lack jurisdiction to entertain her claim. Although Toombs requested permission to file an out-of-time appeal, there is no right to an out-of-time appeal in civil matters. See *Woodall v. Woodall*, 248 Ga. 172 (281 SE2d 619) (1981). For these reasons, this appeal is hereby DISMISSED.

We note that if, as the trial court appears to suggest, Toombs's right to seek appellate review was frustrated due to a trial court error, her remedy is to petition the trial court to vacate and re-enter the order at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __02/28/2018__
    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*